Williams vs. Pindall.

WILLIAMS VS. PINDALL.

BOND FOR COST: *In contested elections.*

The act of the twenty-fourth of February, 1879, requiring plaintiffs in election suits to give bond for cost, is constitutional.

APPEAL from *Desha* Circuit Court.
Hon. C. G. NEWMAN, Special Judge.
*Martin & Taylor*, for appellant.
*Met. L. Jones, contra.*

ENGLISH, C. J.   On the sixth of February, 1879, John

A. Williams commenced this action in the circuit court of Desha county, against Xenophon J. Pindall, for the office of judge of the circuit court of the eleventh judicial district, plaintiff alleging in his complaint that he had received a majority of votes for the office at the general election on the second of September, 1878, and was elected thereto, but that the governor had commissioned the defendant, who was also voted for, and who claimed and held the office by virtue of such commission.

On the third of March, 1879, being the first day of the return term, Met. L. Jones, Esq., asked leave to file the answer of defendant, and a motion to require plaintiff to give bond for costs; whereupon the presiding judge, who was defendant, announced that he was incompetent to preside in the cause, and the clerk of the court proceeded to hold an election for special judge, and Hon. Charles G. Newman was elected by the practicing attorneys of the court, took the oath of office, and went upon the bench, etc. The answer of defendant, and the motion to require plaintiff to give bond for costs, were then filed.

On the eleventh of March the motion was taken up, the record stating that argument upon the motion had been postponed until that time at the request of the plaintiff; and the court having heard the argument, ordered that plaintiff give bond, with good and sufficient security as required by law, for the payment of all such sums of money as might be adjudged against him in the action as and for costs, including the costs that had accrued in the cause since the twenty-fourth day of February, 1879; the bond to be conditioned and approved as required by law; and the plaintiff was allowed until Thursday morning, 10 o'clock, March 13, to give the bond—defendant excepting to the making of the order.

On the thirteenth of March, the plaintiff moved the court for further time to file the bond for costs, but on what ground does not appear, and the court overruled the motion; and the plaintiff failing to file or tender a bond for costs, as required by law and the former order of court, and making no good showing, in the judgment of the court, for not doing so (the record states), the cause was dismissed, and defendant excepted, and appealed, taking no bill of exceptions bringing any matter upon the record.

The special judge appears from the record to have been regularly elected according to law, and no question appears to have been made in the court below as to his election or qualifications.

What showing appellant made on his motion for grant of further time to file the bond for costs does not appear, he having taken no bill of exceptions to bring upon the record any facts he may have presented to the court on the hearing of the motion. In the absence of any showing to the contrary, it must be presumed that the decision was right. It was a matter addressed to the sound legal discretion of the court, and not the subject of review, unless such discretion is shown to have been abused, as this court has repeatedly decided.

BOND FOR COST: In contested elections. It is submitted that the third section of the act of February 24, 1879, requiring the plaintiff, in a suit to contest an election to an office, to give bond for costs, is unconstitutional and void.

Section third of the act provides:

"That in all suits now pending in any of the circuit courts or in any of the county courts of this state, for the purpose of contesting the election of any state, district, circuit, county, or township office, the contestant shall not proceed further with his case until he shall have filed and

Williams vs. Pindall.

obtained the approval of, by the clerk of the court in which the suit is pending, a bond with good and sufficient security, conditioned that the contestant and his securities in the bond will pay to the contestee, or the defendant in the action, and the officers of the court, all such sums of money as shall be adjudged in their favor against him for costs accruing after the passage of this act in the court in which such suit shall be pending, or in any other court to which it may be carried by appeal, or otherwise." *Acts of 1879, p. 12.*

The order of the court requiring appellant to give bond for costs was made in accordance with this section. The suit was commenced on the sixth of February, 1879, and the act was passed, and in force, on the twenty-fourth of the same month, and the order did not require appellant to give bond for any costs that had accrued before the passage of the act, but for such costs only as had accrued after its passage, and might accrue after the making of the order.

It was the duty of appellant to give the bond, on the passage of the act, before proceeding further with his suit, and having failed to do so, the court ruled him to give the bond, and on his failure to comply with the order of the court dismissed his suit.

The act applies to and regulates the remedy. It did not deprive the appellant of any right or claim he had to the office, or cut off his remedy to recover it. It merely required him to give bond for costs before proceeding with his suit, and he was allowed time to do this.

The act is in conflict with no provision of the constitution.

Affirmed.